TERRELL, Justice
(dissenting).
It seems to me that the sign for which petitioner was informed against comes within the meaning of “non-conforming signs” as set forth in Section 35 of the Sign Zoning Ordinance in that it was constructed by General Builders Supply during 1948 or 1949 while the zoning resolutions were not passed until August 26, 1952 and June 17, 1952. (Resolutions Nos. 5250 and 5078.) The zoning ordinance in effect prior to these enactments are not in evidence but the trial court is 'not permitted to take judicial notice of a municipal zoning ordinance. It should be pleaded and proven. See 1 Yokley, Zoning Law and Practice (1953 Edition) 465, Note 2 and cases cited therein. So far as the record and proof show, the sign was “legally” erected and in existence at the time of the enactment of Resolutions Nos. 5078 and 5250.
This seems to be the .point on which the case turns. The sign was on the property when the petitioner leased it following his purchase of the lumber business, hence it was not constructed by petitioner as the evidence shows. Consequently, he is charged only with “maintain a sign on property described * * * in the -unincorporated area of Dade County contrary to Sec. 35 and Sec. ,43 of Dade County zoning ordinance” and with “maintain a detached point of sale sign (class B) in a business zone,” thát exceeded 40 square feet in area contrary to Sec. 43 of the Dade County Zoning Ordinance.
It is shown that the sign in question is approximately 120 square feet in area, three times the permitted size under the provisions of the ordinances cited. The “maintaining” appears to ibe periodic renewal of the paint. Sec. 43 is. not in evidence. If Sections 43 and 35 are in evidence, it may not be necessary that Resolutions Nos. 5078 and 5250 be put in evidence, but here only Section 35 is in evidence. The allegations of the information have not even been proved.
Section 35 of the Zoning Ordinance provides as follows:
“All signs hereafter erected shall comply wlith these regulations, and all existing, non-conforming signs not complying with these regulations shall be removed or made to conform with two years from the date of adoption of these regulations, except that the time for removal of class C type signs shall be five years.”
The information was filed against the petitioner on April 29, 1953. Resolution 5250 was passed August 26, 1952 and Resolution 6078 was passed June 17, 1952. Thus it would appear that the petitioner had two years from June 17, 1952 (the date of the first ordinance) to comply with the zoning regulation. If that time has not expired, the information does not allege a crime and was premature.
The respondent makes much of the effect of Chapter 17833, Laws of Florida, General1 Acts of 1937. A study of this chapter indicates that it is merely a grant of power for certain counties coming within the population provision to enact ordinances in compliance therewith. It does not in any respect indicate or prove that the .sign in question was “illegally constructed.” To do that would require the introduction of *584 the prior ordinance in effect in order to remove the sign from the “non-conforming” provision of Section 35.
Under what authority Section 35 was enacted is not clear but the; copy admitted in evidence refers to Resolutions 5078 and 5250.
Having reached this conclusion, it becomes unnecessary to discuss other questions.
I would grant the writ.
ROBERTS, C. J., concurs.